```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MASSACHUSETTS
```

                                           CIVIL ACTION
                                           NO: 04-12563-NG

AVNET, INC.,
    Plaintiff

VS.

BAX GLOBAL, INC.,
    Defendant-Third Party Plaintiff

VS.

PTG LOGISTICS, LLC,
    Third Party Defendant

## THIRD PARTY COMPLAINT

Now comes the defendant, Bax Global, Inc., in the above-entitled action, by and through its undersigned counsel, and files its Third Party Complaint against PTG Logistics, LLC pursuant to Rule 14(a) of the Federal Rules of Civil Procedure.

## THE PARTIES

1. Defendant/Third Party Plaintiff Bax Global, Inc. (hereinafter referred to as "BAX") is a Delaware corporation with a principal place of business at 440 Exchange Street, Irvine, California. At all times material hereto, BAX was a duly licensed air freight forwarder with an office at 290 McClellan Highway, East Boston, Massachusetts 02128.

Case 1:04-cv-12563-NG    Document 8    Filed 04/13/2005    Page 2 of 6

2

2. Third Party Defendant PTG Logistics, LLC (hereinafter referred to as "PTG") is an Ohio corporation with a principal place of business at One Northlake Building, Suite 450, 11500 Northlake Drive, Cincinatti, Ohio. At all times material hereto, PTG was a trucking firm with an office at 2 Neptune Road, East Boston, Massachusetts 02128.

**JURISDICTION**

3. Jurisdiction in this case is based on diversity of citizenship, 28 U.S.C. §1332 in that the corporations are of diverse states and the matter seek damages in excess of $75,000.00. Jurisdiction is also based on 28 U.S.C. §1337.

**INCIDENT**

4. On May 7, 2001, Defendant BAX entered into a contract with Third Party Defendant PTG to provide services to pick up parcels for transshipment by BAX.

5. The Cartage Agreement provides at Paragraph 10.1 as follows:

> **Indemnification.** Except to the extent such are caused by the acts or omissions of BAX, Contractor shall indemnify, defend and hold harmless BAX and its officers, directors, and employees (herein collectively called "Indemnities") from and against all liabilities, obligations, losses, damages, taxes, fines, penalties,

      claims, actions, suits, injuries (including death), costs, charges and expenses, including, without limitation, fees and expenses of legal counsel and expert witnesses, which may be imposed upon or incurred by or asserted against Indemnities, or any of them, by reasons of actual or alleged acts or omissions of contracting its employees, agents or subcontractors.

      The provisions and obligations contained in this Section 10 shall survive expiration or other termination of this Agreement.

6. On December 9, 2002, PTG picked up a parcel for BAX, pursuant to the Cartage Agreement, at EMC Corporation, 176 Grove Street, Franklin, Massachusetts, for delivery to the BAX terminal in East Boston, Massachusetts.

7. Upon arrival at the BAX terminal in East Boston, Massachusetts, it was discovered that the freight was damaged.

8. The freight was returned to EMC Corporation.

## COUNT I

### CLAIM FOR CONTRIBUTION AGAINST PTG LOGISTICS, LLC

9. Defendant/Third Party Plaintiff BAX realleges and reaffirms its allegations contained in Paragraphs 1 through 8, inclusive, and incorporates same by reference herein.

10. Plaintiff Avnet, Inc. maintains that it sustained damages to its property during shipment on or about December 9, 2002.

11. On December 10, 2004, Plaintiff Avnet, Inc. filed a Complaint against Defendant/Third Party Plaintiff BAX, alleging breach of contract under the Carmack Amendment, 49 U.S.C. §14706. A copy of the Complaint is attached hereto as Exhibit "1".

12. Defendant/Third Party Plaintiff BAX has filed an Answer to the Complaint denying all substantive allegations and raising affirmative defenses. Copy of the Answer to the Complaint is attached hereto as Exhibit "2".

13. As a result of the negligence of Third Party Defendant PTG, Plaintiff Avnet, Inc. was proximately caused to sustain damages. If the Plaintiff is entitled to recover against Defendant/Third Party Plaintiff BAX, then Defendant/Third Party Plaintiff BAX is entitled to contribution from Third Party Defendant PTG.

**WHEREFORE,** Bax Global, Inc. prays that Judgment enter against PTG Logistics, LLC. for contribution for any and all damages that Bax Global, Inc. is required to pay the Plaintiff and/or that judgment enter against PTG Logistics, LLC. in favor of Avnet, Inc., including costs and expenses in defense of this action and for reasonable attorneys' fees.

## COUNT II

**CLAIM FOR INDEMNITY AGAINST PTG LOGISTICS, LLC.**

14. Defendant/Third Party Plaintiff BAX realleges and reaffirms its allegations contained in Paragraphs 1 through 13, inclusive, and incorporates same by reference herein.

15. Plaintiff Avnet, Inc. has filed a Complaint against Defendant/Third Party Plaintiff BAX, alleging that Defendant/Third Party Plaintiff BAX is responsible for the property damage, if any, the Plaintiff sustained on or about December 9, 2002.

16. Defendant/Third Party Plaintiff BAX has filed an Answer denying that he is responsible or liable to the Plaintiff for the property damage allegedly sustained and at all material times herein acted with due care and propriety.

17. If the Plaintiff was, in fact, damaged as alleged, which is specifically denied, then such damages were the result of the negligence and/or breach of contract of Third Party Defendant PTG, and not the responsibility or fault of Defendant/Third Party Plaintiff BAX.

18. If it is found that Defendant/Third Party Plaintiff BAX is responsible for the Plaintiff's damages, which is specifically denied, then Defendant/Third Party Plaintiff BAX is entitled to be indemnified for all damages it may be required to pay the Plaintiff, for all costs and expenses incurred in defense of this action, and for reasonable attorney fees.

**WHEREFORE,** Defendant/Third Party Plaintiff Bax Global, Inc. prays that judgment enter against Third Party Defendant PTG Logistics, LLC. for indemnification for any and all damages that Bax Global, Inc. is required to pay the Plaintiff and/or that judgment enter against PTG Logistics, LLC. in favor of Avnet, Inc., including costs and expenses in defense of this action and for reasonable attorneys' fees.

**Respectfully Submitted**

By its attorney,

<u>**"/s/Robert E. Collins"**</u>
**Thomas J. Muzyka**
**BBO NO. 365540**
**Robert E. Collins**
**BBO NO. 555843**
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated:  March 8, 2005

FILED
UNITED STATES DISTRICT CLERK'S OFFICE
DISTRICT OF MASSACHUSETTS

2004 DEC -7 P 1:39

U.S. DISTRICT COURT
DISTRICT OF MASS.

AVNET, INC.,

   Plaintiff,

v.

BAX GLOBAL,

   Defendant.

Civil Action No.

04-12563 NG

MAGISTRATE JUDGE _Cohen_

## COMPLAINT

Plaintiff Avnet, Inc. ("Avnet" or "Plaintiff"), by its attorneys Robinson & Cole LLP, alleges, upon information and belief, for its Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Avnet is an Arizona corporation with an office and place of business at 2211 South 47th Street, Phoenix, Arizona 85034.

2. Defendant, BAX Global ("BAX") is a Massachusetts corporation engaged in business as a common carrier of goods for hire and upon information and has an office and place of business at 290 McClellan Highway, East Boston, MA 02128

3. Defendant BAX is at all times herein mentioned, and still is, a common carrier of goods for hire within the United States and derives substantial revenue from interstate commerce.

244441

EXHIBIT "1"

4. This is an action for the recovery of damages under the Carmack Amendment to the Interstate Commerce Act, as amended, 49 U.S.C. § 14706, for goods that were damaged in the course of transportation in interstate commerce by a motor common carrier and for conversion of insurance proceeds. Jurisdiction is based on the Interstate Commerce Act, 49 U.S.C. § 10101, et seq. and 28 U.S.C. § 1337.

5. There is personal jurisdiction over Defendant BAX. BAX entered into a contract with Avnet to transport cargo between Massachussetts and New York City.

## FACTS

6. EMC Corporation ("EMC") on behalf of Avnet, entered into a contract with BAX to transport from EMC at 176 Grove Street, Franklin, MA to McGraw Hill Companies, Inc. ("McGraw Hill") in New York.

7. On or December 9, 2002, BAX picked up a shipment of 2 YMETRIX three lab 8830 network storage system units sold by Avnet to McGraw Hill in New York City.

8. BAX picked up the shipment in Franklin, Massachussetts in good order and condition to be delivered to Avnet's customer, McGraw Hill at 55 Water Street, New York, New York 10041.

9. BAX issued Bill of Lading No. 184 157906 for the shipment.

10. On or about December 10, 2002, it was discovered that, while BAX was transporting this shipment, the shipment was damaged.

11. As a result, Avnet's cargo was damaged in the amount of $1,389,234.50

12. To date, the claim has not been paid by BAX despite demands from Avnet for payment.

2

### First Cause of Action
(Carmack Amendment)

13. Avnet repeats and realleges paragraphs 1 through 12 as though set forth at length herein.

14. BAX breached its contract with Avnet and under the Carmack Amendment is liable to Avnet for $1,389,234.50, plus interest from December 11, 2002.

WHEREFORE, Avnet demands judgment against Defendant BAX for the sum of $1,389,234.50, together with interest and costs from December 6, 2004.

Dated: December 7, 2004

PLAINTIFF, AVNET, INC.

By: /s/ David B. Wilson
David B. Wilson (BBO 548359)
ROBINSON & COLE LLP
One Boston Place
Boston, MA 02108
Tel 617-557-5900
Fax: 617-557-5999
dwilson@rc.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-12563-NG

AVNET, INC.

VS.

BAX GLOBAL

### DEFENDANT, BAX GLOBAL'S, ANSWER TO PLAINTIFF'S COMPLAINT

Now comes the defendant, Bax Global, in the above-captioned matter, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respond to the allegations contained in Plaintiff's Complaint as follows:

### PARTIES, JURISDICTION AND VENUE

1. The defendant denies personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and, therefore, denies same.

2. The defendant denies that it is a Massachusetts corporation, but admits the remaining allegations contained in Paragraph 2.

3. The defendant admits that it is a common carrier of goods for hire within the United States, but denies the remaining allegations contained in Paragraph 3.

EXHIBIT "2"

4. The allegations contained in Paragraph 4 are statements of law to which no answer is required of this defendant. To the extent an answer is required, defendant denies same.

5. The allegations contained in Paragraph 5 are statements of law to which no answer is required of this defendant. To the extent an answer is required, defendant denies same.

## FACTS

6. The defendant denies personal knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 and, therefore, denies same.

7. The defendant admits that through a third party trucker it picked up a package on December 9, 2002. The defendant denies personal knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 7 and, therefore, denies same.

8. The defendant The defendant denies personal knowledge or information sufficient to form a belief as to the

   truth of the allegations contained in Paragraph No. 8
   and, therefore, denies same.

9. The defendant denies the allegations contained in
   Paragraph 9.

10. The defendant denies the allegations contained in
    Paragraph 10.

11. The defendant denies the allegations contained in
    Paragraph 11.

12. The defendant denies the allegations contained in
    Paragraph 12.

### First Cause of Action
### (Carmack Amendment)

13. The defendant realleges and reaffirms its responses
    to the allegations contained in Paragraphs 1 through
    12 inclusive, as though fully set forth herein.

14. The defendant denies the allegations contained in
    Paragraph No. 14.

   **WHEREFORE**, the defendant, Bax Global, prays that this
Honorable Court dismiss Plaintiff's Complaint and Demand
for Jury trial together with costs and reasonable
attorney's fees.

## AFFIRMATIVE DEFENSES

The defendant, Bax Global, incorporates the following Affirmative Defenses into each and every Count in its Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the Complaint fails to state a claim upon which relief can be granted.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that their liability is governed by the terms and conditions of the Carmack Amendment, 49 U.S.C. §14706.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the damage, if incurred, was due to the acts of faults of a third party, for which the defendant is not liable.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that pursuant to the Carmack Amendment and/or the tariff, the liability of the defendant, if any, is limited.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that pursuant to its tariff and pursuant to their conditions of carriage as set forth in the relevant contract of transportation, defendant is

not liable to plaintiff or in the alternative, defendant's liability is limited.

**WHEREFORE**, the defendant, Bax Global, prays that this Honorable Court dismiss Plaintiff's Complaint and Demand for Jury Trial with costs and reasonable attorney's fees.

**THE DEFENDANT, BAX GLOBAL, DEMANDS TRIAL BY JURY ON ALL ISSUES RAISED IN PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL, AND ITS ANSWERS AND AFFIRMATIVE DEFENSES CONTAINED HEREIN.**

By its attorneys,

CLINTON & MUZYKA, P.C.

"/s/Robert E. Collins"
Thomas J. Muzyka
BBO NO: 365540
Robert E. Collins
BBO NO: 555843
One Washington Mall
Suite 1400
Boston, MA 02108

February 1, 2005

5